UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES FOR THE MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND AND TRAINING PROGRAM FUND, JOHN J. VIRGA, in his fiduciary capacity as Director, and ROBERT BONANZA, as Business Manager of the MASON TENDERS DISTRICT COUNCIL OF GREATER NEW YORK, | **ORDER**<br><br>18 Civ. 9025 (PGG) |
| Petitioners, | |
| -against- | |
| JTL CONSTRUCTION CORP. | |
| Respondent. | |

PAUL G. GARDEPHE, U.S.D.J.:

Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund (the "Funds"); John J. Virga – in his fiduciary capacity as Director of the Funds – and Robert Bonanza, Business Manager of the Mason Tenders District Council of Greater New York (collectively, "Petitioners"), filed this Petition seeking to confirm an arbitration award that they obtained against Respondent JTL Construction Corp. pursuant to a project labor agreement and Section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185.  Although the Petition was served (Dkt. No. 6), Respondent has neither opposed the Petition nor otherwise appeared in this action.  For the reasons stated below, the arbitration award will be confirmed.

## BACKGROUND

The Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund are employee benefit plans.  (Pet. (Dkt. No. 1) ¶ 1)  The Mason Tenders District Council of Greater New York (the "Union") is a labor organization.  (Id. ¶ 2)  Respondent JTL Construction Corp. is an employer within the meaning of the LMRA.  (Id. ¶ 3)

At all relevant times, Respondent and the Union were parties to the Slow Food Market Lane Project Labor Agreement ("PLA").  (Id. ¶ 6; PLA (Dkt. No. 8, Ex. 2))  Pursuant to the PLA, Respondent was "bound by the written terms of . . . legally-established jointly trusteed Trust Agreements."  (Pet. (Dkt. No. 1) ¶ 7; PLA (Dkt. No. 8, Ex. 2) Art. 11(2)(b))  Under the PLA and the Trust Agreements, Respondent was required to make monthly contributions to the Funds at specified rates.  (PLA (Dkt. No. 8, Ex. 2) Art. 11(2); Trust Agreements (Dkt No. 8, Ex. 3) Art. 9; Pet. (Dkt. No. 1) ¶ 11)  Pursuant to the Trust Agreements, Petitioners have the right to audit Respondent's books and records to ensure that it makes the required contributions.  (Trust Agreements (Dkt No. 8, Ex. 3) Art. 9(6)-(7))  Petitioners' audit for the period June 1, 2016 to August 31, 2016 revealed that Respondent was delinquent in making the required contributions.  (Pet. (Dkt. No. 1) ¶ 15; Award (Dkt. No. 8, Ex. 1) at 9)[1]

The Trust Agreements provide that

> in the event that an Employer fails to make required contributions to the Trust Fund, in accordance with the terms and conditions of this Agreement . . . , the Board [of Trustees] may bring an action on behalf of the Trust Fund and/or the Plan . . . to enforce the Employer's obligation to contribute to the Trust Fund. The Board [of Trustees] also has the right, in its sole and absolute discretion, to determine whether to initiate arbitration proceedings against a delinquent Employer (in lieu of pursuing any other remedies or legal action) and to designate

---

[1] Citations to page numbers refer to the pagination generated by this District's Electronic Case Files ("ECF") system.

>the specific issue(s) and delinquency period(s) that are the subject of (and are to be decided during) any such arbitration proceeding.

(Trust Agreements (Dkt. No. 8, Ex. 3) Art. 9.8)  The Trust Agreements provide that Petitioners may obtain the following relief in any legal action for unpaid contributions:  unpaid contributions, interest, liquidated damages, attorneys' fees and costs, audit expenses, and other appropriate legal or equitable relief.  (Id. Art. 9.9)

On August 7, 2017, Petitioners initiated arbitration and sent a Notice of Arbitration to Respondent.  (Pet. (Dkt. No. 1) ¶ 16; Notice of Arbitration (Dkt. No. 8, Ex. 6) at 71)  An arbitration hearing took place on September 18, 2017.  (Pet. (Dkt. No. 1) ¶¶ 16-17; Award (Dkt. No. 8, Ex. 1) at 9)  Respondent did not appear at the hearing.  (Award (Dkt. No. 8, Ex. 1) at 9-10)  At the hearing, Petitioners provided "substantial and credible evidence" that Respondent failed to make required contributions to the Funds.  (Id. at 10)  In the October 4, 2017 award (the "Arbitration Award"), the arbitrator determined that Respondent owed Petitioners a total of $33,288.49, which includes $24,152.58 in unpaid contributions, $3,867.57 in unpaid dues, $1,222.78 in interest, $2,445.56 in penalties, $500 in attorney fees, and $1,100 in arbitrator fees.  (Id.)

On October 2, 2018, Petitioners filed the Petition, which seeks confirmation of the Arbitration Award and post-judgment interest.  (Pet. (Dkt. No. 1) ¶ 20)  Respondent has not paid any portion of the Arbitration Award.  (Pet. Decl. (Dkt. No. 8) ¶ 23)  Respondent has likewise not responded to the Petition in any fashion, and has not appeared in this action.

## DISCUSSION

**I.    APPLICABLE LAW**

"It is well established that courts must grant an [arbitrator's] decision great deference."  Defuerco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d

Cir. 2003). Accordingly, "confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)). "Only a 'barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award." Id. (quoting Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees Int'l Union, 952 F.2d 794, 797 (2d Cir. 1992)).

Because a petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions," where the non-movant has failed to respond to a petition to confirm, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." D.H. Blair, 462 F.3d at 109-110 (citation omitted). Even unopposed petitions to confirm arbitration awards must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." Id. (quoting Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (quoting Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996)) (internal quotation marks omitted)).

## II.  ANALYSIS

Here, Petitioners have demonstrated that there is no genuine issue of material fact that precludes granting them summary judgment as to all portions of the Arbitration Award. Before issuing the Arbitration Award, the arbitrator considered the evidence presented at the hearing. (Award (Dkt. No. 8, Ex. 1) at 9-10) The arbitrator determined, "based on the substantial and credible evidence that was presented," that Respondent owed $33,288.49 for

delinquent contributions, unpaid dues, interest, penalties, attorneys' fees, and arbitration costs. (Id. at 10)

The Arbitration Award was within the arbitrator's powers as set forth in the Trust Agreements, which grant Petitioners the authority "to determine whether to initiate arbitration proceedings against a delinquent Employer . . . and to designate the specific issue(s) and delinquency period(s) that are the subject of (and are to be decided during) any such arbitration proceeding." (Trust Agreements (Dkt. No. 8, Ex. 3) Art. 9.8)  The arbitrator's award is consistent with the Trust Agreements.

"[C]ourts are not authorized to review [an] arbitrator's decision on the merits [even in the face of] allegations that . . . the decision rests on factual errors or misinterprets the parties' agreements."  N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc., No. 11. Civ. 3015 (RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) (quoting Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001)) (internal quotation marks omitted).  Here, of course, Respondent has made no such allegation.

A court "may vacate an arbitration award in four specific situations":

"(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators . . .; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

In re Arbitration Between General Sec. Nat. Ins. Co. and AequiCap Program Administrators, 785 F. Supp. 2d 411, 417 (S.D.N.Y. Apr. 29, 2011) (quoting 9 U.S.C. § 10(a)).  Here, there is no evidence that the arbitration's decision was unlawful, arbitrary, or in excess of the arbitrator's

powers. Accordingly, this Court will grant the unopposed Petition to confirm the Arbitration Award.

### III. POST-JUDGMENT INTEREST

Petitioners' request for post-judgment interest at the statutory rate (Pet. (Dkt. No. 1) ¶ 20) is also granted. "28 U.S.C. § 1961(a) mandates post-judgment interest for civil money judgments recovered in federal district court." Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. S&S Kings Corp., No. 19-CV-01052 (RA), 2019 WL 4412705, at *4 (S.D.N.Y. Sept. 16, 2019) (confirming arbitration award and granting pre- and post-judgment interest) (citing Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 100 (2d Cir. 2004)). "'[P]ost-judgment interest 'shall be calculated from the date of the entry of the judgment.'" Id. (quoting 28 U.S.C. § 1961(a)).

### CONCLUSION

For the reasons stated above, the Petition to confirm the Arbitration Award (Dkt. No. 1) is granted. The Clerk of Court is directed to enter judgment confirming the Arbitration Award in the amount of $33,288.49. Post-judgment interest on the entire amount of the Arbitration Award will accrue from the date of the judgment at the rate provided by 28 U.S.C. § 1961(a). The Clerk of Court is further directed to close this case.

Dated: New York, New York
       September 4, 2020

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge